### Henry Young v. The State.

#### No. 622.   Decided May 18, 1910.

**Illegal Practice of Medicine—Indictment—Residence of Defendant.**

Where, upon trial for unlawfully practicing medicine, the indictment alleged that the defendant was a resident of the county of the prosecution, and there was no evidence to sustain this allegation, the conviction could not be sustained.

Appeal from the County Court of Cooke.   Tried below before the Hon. C. R. Tearman.

Appeal from a conviction of unlawfully practicing medicine; penalty a fine of $100 and thirty days confinement in the county jail.

The opinion states the case.

*Henry Young,* for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—Appellant was convicted in the County Court of Cooke County on the 15th day of January of this year on a charge of unlawfully practicing medicine, and his punishment assessed at a fine of $100 and thirty days imprisonment in the county jail.

The indictment contained four counts. The case, by election of the county attorney, was tried on the second count in the indictment, which is to this effect: "That Henry Young did then and there unlawfully practice medicine upon a human being, without having registered in the district clerk's office, of the said county of Cooke, in which he then and there resided, his authority for so practicing, together with his age, postoffice address, place of birth and school of practice to which he professes to belong, subscribed and verified by oath, and the said Henry Young did then and there treat and offer to treat W. B. Hickman for physical disease and disorder and to effect cures thereof, and did then and there charge therefor money and other compensation."

There are quite a number of questions raised in the record, but they are presented in such manner as not to be the subject of review. The only question which we are authorized, in the state of the record as presented, to review is the contention that the verdict of the jury and judgment of the court are unsupported by the evidence. In the charge of the court the jury are instructed, among other things, as follows:

"If you find and believe from the evidence that the defendant, Henry Young, did, in Cooke County, Texas, on or about the 20th day of April, A. D. 1909, or within two years prior to the filing of this indictment, treat or offer to treat the said W. B. Hickman, for physical disease or disorder, by any system or method and to effect a cure thereof, and charged therefor money or other compensation, and if you further find and believe from the evidence that at the time the said defendant, Henry Young, so treated or offered to treat the said W. B. Hickman as aforesaid, if you find that he did treat or offer to treat him, and charged money and other compensation therefor, that he, the said Henry Young did not have registered in the county in which he then resided his authority for so practicing medicine, together with his age, postoffice address, place of birth and school of practice to which he professed to belong, subscribed and verified by oath, then you will find the defendant guilty and assess his punishment at a fine of not less than fifty dollars nor more than fine hundred dollars and by imprisonment in the county jail for a term not exceeding six months."

It will thus be noticed that it is averred in the indictment on which the case was tried that appellant, at the time of the commission of the offense alleged, was a resident of Cooke County and the jury were so required to find. A careful examination of the statement of facts fails to disclose that there was any evidence at all that appellant resided in Cooke County at the date of the happening of the events forming the basis of this prosecution. The record does speak of him incidentally as being in Cooke County, but there is no proof that he resided there as that term would in law be understood. On the contrary, the contract in writing, which largely formed the basis of the charge against him, contained a recital that he resided at the time in Fort Worth. It begins with this recital:

"Gainesville, Texas, April 20, 1909.

"This contract made and entered into this day by and between Henry Young, of *Ft. Worth,* of the first part, and W. B. Hickman, of Gainesville, Texas, of the other part," etc. In this connection it should also be stated that the indictment alleged the offense to have been committed on or about the 20th day of April, 1909. As presented, it seems clear that the verdict of the jury and judgment of the court are wholly unsupported by any proof of an indispensable fact required to be shown; that is, that appellant resided in Cooke

County, where, as the proof shows, he had filed no certificate authorizing him to practice medicine.

For the error pointed out the judgment is reversed and the cause is remanded.

*Reversed and remanded.*